IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

Civil No. 1:17-cv-00073-CSM

| | |
|---|---|
| The Woodmont Company and Woodmont Hay Creek, L.P., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| LaSalle Shopping Center, LLC and Hay Creek Development, LLC, | ) ) ) |
| Defendants. | ) ) |

**AMENDED SCHEDULING/DISCOVERY PLAN**

\*\*\*    \*\*\*    \*\*\*

Pursuant to Rule 26(f), counsel for the parties certify that on October 4, 2017, they conferred to discuss the nature and basis of their clients' claims and defenses, the possibilities for a prompt settlement or resolution of the case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

1. The parties shall make by **November 15, 2016** Rule 26(a)(1) disclosures including preliminary identification of witnesses, evidence, damage calculations, and the production of the insurance contract(s), if any.

2. The issues on which the parties need to conduct discovery are: **Liability and damages**. Discovery will occur through interrogatories and depositions of fact witnesses.

3. The parties shall have until **September 18, 2018,** to complete fact discovery and to file discovery motions.

4. The parties shall provide the names of expert witnesses and complete reports under Rule 26(a)(2) as follows: **Plaintiff's expert disclosures shall be due September 18, 2018. Defendant's expert disclosures shall be due October 31, 2018.** Reports will be served on other parties, but not filed with the court.

5. The parties shall have until **December 15, 2018** to complete discovery depositions of expert witnesses.

6. The parties shall have until **May 18, 2018,** to move to join additional parties.

7. The parties shall have until **May 18, 2018,** to move to amend pleadings to add claims or defenses.

8. The parties shall have until **February 16, 2018,** to file other non-dispositive motions (e.g., consolidation, bifurcation).

9. The parties shall have until **July 20, 2018,** to file threshold motions (e.g., jurisdiction, qualified immunity, statute of limitations). Discovery **shall not** be stayed during the pendency of such motions.

10. The parties shall have until **October 15, 2018,** to file other dispositive motions (summary judgment as to all or part of the case).

11. Each party shall serve no more than **25** interrogatories, including subparts. No broad contention interrogatories shall be used.

12. Each **party** shall take no more than **10** discovery depositions, except for good cause shown.

13. Depositions taken for presentation at trial shall be completed **2 weeks** before trial.

14. Counsel have discussed between themselves and explored with their clients early involvement in alternative dispute resolution. The following option(s) would be appropriate in this case:

   \_\_\_\_\_ **arbitration**

   __X__ **mediation** (choose one):

   \_\_\_\_\_ private mediator

   \_court-hosted early settlement conference-should the conference be held before a judge who will not be the trial judge?

   \_\_\_\_\_ yes

   \_\_\_\_\_ doesn't matter

   \_\_\_\_\_ **early neutral evaluation** before (choose one):

   _X_ judge other than trial judge

   \_\_\_\_\_ neutral technical expert

   \_\_\_\_\_ neutral attorney

   \_\_\_\_\_ other (specify)_____

   \_\_\_\_\_none (explain reasons): N/A

The parties shall be ready to evaluate the case for settlement purposes by **September 1, 2018.** The court reminds the parties that early involvement in ADR is voluntary, not mandatory. Participation in ADR is encouraged by the court but is not required except for a settlement conference shortly before trial.

15. A mid-discovery status conference **would not** be helpful in this case.

16. The parties **will not** voluntarily waive their rights to proceed before a district judge and consent to have a magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

17. Trial of this case will be **jury**.

18. The estimated length of trial is **10** days.

Dated this 11th day of October, 2017.

                              ZUGER KIRMIS & SMITH

                              By: */s/ Lawrence E. King*
                                   Lawrence E. King (#04997)
                                   316 N. 5th St.
                                   P.O. Box 1695
                                   Bismarck, ND 58502-1695
                                   lking@zkslaw.com

                                   Attorneys for Plaintiffs The Woodmont
                                   Company and Woodmont Hay Creek, L.P.

Dated this 11th day of October, 2017.

                              BAKKE GRINOLDS WIEDERHOLT

                              By: */s/ Randall J. Bakke*
                                   Randall J. Bakke (#03989)
                                   Shawn A. Grinolds (#05407)
                                   Bradley N. Wiederholt (#06354)
                                   300 West Century Avenue
                                   P.O. Box 4247
                                   Bismarck, ND 58502-4247
                                   (701) 751-8188
                                   rbakke@bgwattorneys.com
                                   sgrinolds@bgwattorneys.com
                                   bwiederholt@bgwattorneys

                                   Attorneys for Defendants LaSalle Shopping

Center, LLC and Hay Creek Development, LLC

# ORDER

The court **ADOPTS** the parties' scheduling and discovery plan with the following modification:

1. The parties shall make by November 15, 2017 Rule 26(a)(1) disclosures including preliminary identification of witnesses, evidence, damage calculations, and the production of the insurance contract(s), if any.

Dated this 17th day of October, 2017.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court