IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Civil No. 1:17-cv-00073-CSM

The Woodmont Company and Woodmont )
Hay Creek, L.P., )
 )
      Plaintiffs, )
 )
vs. ) **QUALIFIED PROTECTIVE ORDER**
 )
LaSalle Shopping Center, LLC and Hay )
Creek Development, LLC, )
 )
      Defendants. )

\*\*\*  \*\*\*  \*\*\*

In order to expedite the flow of discovery, facilitate the resolution of disputes over confidentiality, protect material entitled to be kept confidential and ensure that protection is afforded only to material entitled to protection, the Court hereby enters this Qualified Protective Order ("Protective Order") pursuant to Federal Rule of Civil Procedure 26(c).

**A.  Scope of the Protective Order**

1.    This Protective Order shall govern all methods for the exchange of confidential information in this case, including without limitation: documents and records produced, Rule 26(a)(1) disclosures by any party, answers to interrogatories, responses to requests for admission, information obtained from inspection of premises or things, deposition testimony, information produced in any other form in response to discovery, and information disclosed pursuant to a subpoena or as part of any motions, briefs or other filings. The terms "documents", "information", and "materials" used in this Protective Order refer to all such methods for the exchange of information described in this paragraph.

1

2. This Protective Order applies to all parties (and their attorneys, agents, and representatives) to this litigation and to nonparties who produce discovery materials pursuant to subpoenas from the parties. It also applies to any individual who executes the attached *Exhibit 1*.

**B. Designation and Protection of Confidential Information**

3. A party may designate documents as CONFIDENTIAL INFORMATION if it determines in good faith that the documents contain sensitive commercial, proprietary, financial, or business information. CONFIDENTIAL INFORMATION is referred to as "Protected Material" and shall include but not be limited to financial statements, balance sheets, profit and loss statements, income statements, general ledgers, budgets, projections, working papers, commission statements, operating statements, account numbers, letters of intent, lease documents, social security numbers, employer identification numbers and other financial information of The Woodmont Company, Woodmont Hay Creek, L.P., LaSalle Shopping Center, LLC, Hay Creek Development, and/or any of the businesses and/or tenants of LaSalle Shopping Center, LLC and the members and individual representatives of the identified entities, regardless of whether such information is contained in paper documents or electronic files.

4. A nonparty that produces documents or appears for a deposition in this litigation, whether formally or informally, may designate documents as Protected Material pursuant to the standards described in the proceeding paragraphs. Further, if a party determines in good faith that discovery documents produced by a nonparty contain Protected Material, that party may designate such documents even if they have not been so designated by the nonparty that produced them. The designating party shall make this designation as soon as reasonably practicable.

5. The designation of documents containing CONFIDENTIAL INFORMATION shall be made by placing on each page of the document (in such manner as will not interfere with its legibility) the word "CONFIDENTIAL".

6. Whenever a portion of a deposition involves a disclosure of Protected Material, a party may designate such portions of the deposition. This designation shall be made on the record whenever possible, but following delivery of the transcribed deposition, the parties may also designate portions of the deposition transcript or deposition exhibits as by written notice to all counsel of record specifying which portions of the transcript are to be kept as such.

7. The categorization of Protected Material and the designation of said Material as CONFIDENTIAL INFORMATION in this Protective Order and the restrictions regarding Protected Material are made without prejudice to further categorization and additional restrictions. In the event discovery proceeds into documents and information that a party believes warrant further protections, the parties will meet and confer to discuss appropriate additional protections. If they cannot agree on such protections, they may present the issue to the Court.

**C.    Use and Disclosure of Protected Material**

8. Documents that are designated as Protected Material shall not be used for any purpose except for the prosecution or defense of this litigation unless authorized by further order of this Court. Nothing in this agreement shall preclude the parties from requiring a separate Qualified Protective Order in any other litigation arising from the same or similar operative facts. But this restriction shall not apply to documents that, at or prior to their disclosure in this action, were known to the receiving party or were public knowledge, or which later become publicly disclosed by one having the unrestricted right to do so, or which are otherwise in the public domain. The designation of documents as Protected Material shall not restrict their use by the party producing them.

9. Documents that are designated as CONFIDENTIAL INFORMATION may be disclosed only to:

(a) the parties;

(b) Legal counsel of record for the parties in this action;

(c) persons regularly employed or associated with the law firms of such counsel for the parties, whose assistance is requested by legal counsel in the prosecution or defense of this litigation;

(d) other counsel for the parties;

(e) expert witnesses and consultants, and their employees, retained by a party, to the extent such disclosure is necessary for the prosecution or defense of this litigation, including without limitation, any depositions, formulation of opinions, preparation of expert reports, or for motions, hearings or for the trial of this case;

(f) representatives, agents, officers, directors, or employees of the parties to the extent such disclosure is necessary for the prosecution or defense of this litigation;

(g) the Court and its personnel;

(h) court reporters involved in transcribing proceedings relevant to this matter;

(i) persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such witnesses to testify, and who have previously executed *Exhibit 1*;

(j) employees of copying, imaging, and computer services providers for the purpose of copying, imaging, or organizing documents necessary to the prosecution or defense of this litigation;

(k) the author, addressees, and recipients of the document (and their counsel if in the context of a deposition or preparation for a deposition or trial); and

(l) any other person to whom disclosure is expressly authorized in writing by the party who designated the information.

10. Prior to disclosing any Protected Material to a nonparty, counsel shall provide the nonparty with a copy of this Protective Order, and obtain from the nonparty a written acknowledgment in the form attached as *Exhibit 1*, stating that the nonparty has read this Protective Order and agrees to be bound by its provisions. Counsel shall retain all such acknowledgments.

If a nonparty does not agree to be bound by this Protective Order, disclosure of Protected Material to such nonparty is prohibited.

**D.      Procedure for Filing Protected Material**

11.     Any party filing a document with the Court containing CONFIDENTIAL INFORMATION, the disclosure of which would create a substantial risk of serious harm, loss, or damage that could not be avoided by less restrictive means is authorized and required to file the document under seal. The parties shall comply with the Court's procedures for filing documents under seal.

12.     The designation of documents to be filed under seal shall be made by placing on each page of the document (in such manner as will not interfere with its legibility) the words "FILED UNDER SEAL" in addition to any other designations under this Protective Order.

**E.      Challenges to Designations**

13.     A party may object to or challenge the designation of a document as Protected Material by giving written notice to all parties (including written notice to any nonparty that have made the challenged designation). In challenging the designation of any document as Protected Material, the challenging party must identify in the written notice the document or documents challenged and must provide the legal basis for said challenge. Following such notice, the parties must first meet and confer in good faith in order to attempt informal resolution of their differences over the challenged designation. If they cannot agree on an informal resolution to the challenged designation, they may present the issue to the Court. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c). Documents designated as Protected Material which are subject to challenge shall maintain their designation and protected status under the terms of this Protective Order until such time as the Court rules on the challenge.

14. A party may elect to rescind or alter the designation of any document as Protected Material by providing written notice to all parties of record of such election.

**F.     Inadvertent Production**

15. If Protected Material is inadvertently produced without the legend (e.g., "CONFIDENTIAL") attached, or with an incorrect or improper designation, such documents shall be treated nevertheless as Protected Material from the time the producing party advises the receiving party or parties in writing that such material should have been so designated. The producing party that made the inadvertent disclosure shall also provide all parties with an appropriately labeled replacement document providing the designation or proper designation as the case may be. The receiving party or parties shall either return promptly or destroy the unmarked or incorrectly designated documents, and provide notice to the producing party of said return or destruction.

16. If a party learns that, either by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under the Protective Order, that party must immediately: (a) notify in writing counsel for the all parties of the unauthorized disclosures, including all pertinent facts; (b) make every reasonable effort to prevent further unauthorized disclosure, including retrieving all copies of the Protected Material from the recipient(s) thereof; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Acknowledgment attached hereto as *Exhibit 1*. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

17. If a party notifies any other party it inadvertently produced documents or information that are protected from disclosure under the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity, or the receiving party discovers such

inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection. The receiving party shall, without further reviewing the documents at issue, return all copies of such documents to the producing party and shall not use such materials for any purpose. The return of any document to the inadvertently producing party shall not preclude the receiving party from moving the Court for a ruling that the document is not subject to any privilege or protection.

G. **Return or Destruction of Protected Material**

18. Within 90 days after the final resolution of this action, including the expiration of any appellate review, Protected Material shall be returned to the party or nonparty that produced such documents, or destroyed. All counsel of record shall, upon request, make certification of compliance with this requirement and shall deliver the same to counsel for the party or nonparty that produced the documents not more than 14 days after any such request.

19. Notwithstanding the foregoing, counsel for each party may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

H. **Survival and Jurisdiction**

20. The terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of this action.

21. Each person to whom Protected Material is shown or to whom such Protected Material is disclosed hereby submits him or herself to the personal jurisdiction of this Court, wherever he or she may reside, but only for the purpose of enforcing the terms of this Protective Order.

22. Nothing in this Protective Order shall affect any question of attorney-client privilege, work product protection, or any other privilege or immunity, as these matters shall be governed by the applicable law of privilege or immunity.

I. **Legal Process**

23. If a party bound by the terms of this Protective Order is served with a subpoena, process, or court order issued in other litigation or similar proceedings, which order, process, or subpoena compels or requires disclosure of Protected Material, that party must:

   (a) promptly notify the designating party regarding the order or subpoena. Such notification must be in writing and shall include a copy of the subpoena or court order;

   (b) promptly notify the litigant that caused the subpoena or order to issue in the other litigation or proceedings that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must be in writing and must include a copy of this Protective Order; and

   (c) reasonably cooperate in the protections and procedures the designating party may reasonably wish to pursue, including but not limited to requesting the litigant in the other litigation or similar proceedings to sign *Exhibit I* agreeing to be bound by the terms of this Protective Order.

24. If the designating party timely objects or seeks a protective order in the other litigation or proceedings after being served a subpoena, process, or court order, the party so served shall not be required to produce any Protected Material unless and until a determination is made by the court and only in compliance with any court order, unless the litigant seeking Protected Material has first obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a party bound by the terms of this Protective Order to disobey a lawful directive from another court.

So ordered:

Dated: November 11, 2017

/s/ *Charles S. Miller, Jr.*

Charles S. Miller, Jr., Magistrate Judge
United States District Court

# EXHIBIT 1

## ACKNOWLEDGMENT

I certify that I have read and I understand the provisions of the Qualified Protective Order ("QPO") Order") entered on the __ day of _____, 2017 by the Court in the civil lawsuit entitled *The Woodmont Company and Woodmont Hay Creek, L.P., vs. LaSalle Shopping Center, LLC and Hay Creek Development, LLC*, (Civil No. Civil No. 1:17-cv-00073-CSM) venued in the United States District Court for the District of North Dakota Western Division.

As a condition precedent to my receipt and examination of CONFIDENTIAL INFORMATION disclosed pursuant to the QPO, or of obtaining information derived from such, I agree that the QPO shall be deemed to be directed to and shall include me, and that I shall be bound by, observe, and comply with the terms and provisions of the QPO. I further agree that I shall be subject to the Court's enforcement and jurisdiction for any violation or attempted violation of the provisions of the QPO.

Dated: _____

_____
Name (Printed)

_____
Relationship to this Litigation

**SUBSCRIBED AND SWORN BEFORE ME THIS ___ DAY OF _____, 20___**

_____
**Notary Public**